# PABLO VAN SYCKLE
## *v.*
# EMILIO MONTILLA.

---

CONTEMPT—INJUNCTION—RES JUDICATA.

1. The plaintiff, by a former order of court, was subrogated to the rights of a mortgagee in a mortgage against the defendant, all parties appearing. Later the defendant brought a bill in another court, praying for a decree establishing that the plaintiff was never so subrogated. This proceeding seeks to hold the defendant liable for contempt for so doing.

2. The purpose of the first suit, in which all the present parties were represented, was to subrogate the present plaintiff to the rights of the mortgagee, and the judgment followed the prayer and directly adjudicated the mortgage credit. That matter is *res judicata.*

3. A suit questioning the sufficiency of this decree, and even asking to have it set aside, is not a contempt. The violation of the injunctive order would be one.

June 15, 1903.

---

*Mr. G. F. Duysters* for plaintiff.

*Messrs. Dexter & Hord* for defendants.

Holt, Judge, delivered the following opinion:

This is a rule against Emilio Montilla to show cause why he should not be held for contempt for failing to obey an order of injunction or decree of the United States provisional court, which was the predecessor of this court. It is claimed the con-

tempt consists in bringing a suit in the insular district court in violation of the order of the provisional court.

It is necessary to see what he was ordered to do or not to do, and then if he is acting in violation of it. It appears that, being the owner of a certain estate named "Santa Cruz," he executed three several mortgages upon it to José C. Marxuach. Subsequently and on June 23d, 1897, he executed a lease to the same estate to P. Van Syckle, which is still in force. The latter filed a bill in the provisional court, to which both Montilla and Marxuach were party defendants, seeking to be subrogated to the rights of the mortgagee by the payment of the mortgage debt to him, and asking that he be ordered thereupon to assign to him (Van Syckle) the mortgage, and that Montilla be enjoined from disregarding the covenants of the lease; also from selling or attempting to sell, or encumbering or attempting to encumber, the property embraced by it to the prejudice of Van Syckle's rights; also from carrying out any contract with Marxuach for the sale of the property or for the foreclosure of the mortgage. A restraining order, as asked, was granted, and upon final hearing the court entered a decree directing Marxuach, upon payment of his mortgage debt by Van Syckle, to assign the mortgage to him, and this was done. It also enjoined Montilla as above indicated. Subsequently P. Van Syckle transferred the mortgage debt to P. Van Syckle & Company, and they brought suit to foreclose, and did foreclose it, in the insular district court, becoming purchasers of the property. Under the practice in the insular courts, Montilla could not defend the foreclosure suit, or at least only upon certain specified grounds, but had to resort to his auxiliary suit; and on or about December 4th, 1902, as an incident of the foreclosure suit, he brought the action in the insular district court by which it is now claimed he violated the order of the provisional

court. In it he seeks to set up his defenses to the foreclosure of the mortgage. He claims that the transfer of the mortgage to Van Syckle by virtue of the decree of the provisional court did not subrogate Van Syckle to the mortgage lien, and that it only, by the local law, gave him a personal claim against him, Montilla, to the extent that he was benefited by the payment. In short, that it did not settle his rights as to the claim as a mortgage debt, and that he may yet defend against it as such. He asks a decree to this effect, and that the transfer of the credit as a mortgage credit to P. Van Syckle & Company, also the registration of the deeds and the foreclosure proceedings, be annulled, and that it be held that P. Van Syckle and P. Van Syckle & Company never were mortgage creditors of his, or subrogated to the rights of Marxuach as the mortgagee. In short, that the judgment of the provisional court and the transfer by virtue of it did not operate to transfer the mortgage right or lien; that there was no subrogation of P. Van Syckle as to it, and that all subsequent proceedings based on such a claim are void; and he asks it be so held.

It is clear to this court that the transfer of the mortgage by virtue of the decree of the provisional court subrogated Van Syckle to all the rights of the mortgagee, Marxuach. It was not a case of subrogation by arrangement between the individual parties. In such a case it appears by the local law the debtor must consent, or he is only liable to the extent of the benefit received by him, in a personal action. But all the parties interested being parties to the suit, the court, as a matter of equity, subrogated Van Syckle to the rights of the mortgagee, Marxuach, Van Syckle having an interest in the matter, by the payment to Marxuach by Van Syckle of the amount of the mortgage. The bill in the provisional court shows this was the purpose of the suit, and the transfer in obedience to the

decree operated to transfer the mortgage rights of Marxuach to P. Van Syckle. It operated as a cession of the mortgage credit. It was directly adjudicated. This was the object of the suit, this the effect of the judgment, and, whether erroneous or not, it is now *res judicata,* and must be held to be final. The substitution of a new creditor is merely the assignment of a chose in action. It was a subrogation, which is a creation of equity, and not of contract between the parties. The equitable jurisdiction of the provisional court, as is true of this court, follows the equitable principles of the common law.

It is to be presumed the insular court in which the suit is now pending, and the bringing of which is claimed to be in violation of the judgment of the provisional court, will hold in conformity with the above view, as to my mind it is clearly the law. It should not, however, be held to be a contempt in a party to bring a suit claiming he has not been deprived of certain alleged rights by virtue of a judgment, and seeking still to enforce them. He simply questions the extent of the decree. Even a suit to set aside a decree is not such a disobedience of it as to constitute a contempt. Unlesss, therefore, the defendant, Montilla, has, by the bringing of his suit in the insular court, violated in some respect the injunctive order of the provisional court, he cannot be held in contempt. The court had authority to make it; it is yet in force, and must be implicitly obeyed.

Referring, however, to so much of the decree as enjoined the defendant, Montilla, from the doing of certain acts, as above enumerated, and then to his averments and relief sought in the suit brought by him in the insular court, no violation of it appears.

This proceeding is, therefore, dismissed at the cost of P. Van Syckle, to be taxed by the clerk, and for which execution may issue.